IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONARD LANGSTON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22 C 5737 |
| ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Leonard Langston, Sr., who has been employed by the City of Chicago's Department of Water Management since 2004, has sued the City, alleging that from at least April 2018 to the present, he has been subjected to a hostile work environment and denied overtime opportunities due to his race and national origin. Langston asserts ten claims. Count 1 is a claim for race discrimination under Title VII of the Civil Rights Act of 1964. Count 2 is a parallel claim under the Illinois Human Rights Act. Count 3 is a parallel claim under 42 U.S.C. § 1981, asserted via 42 U.S.C. § 1983. Count 4 is a parallel claim under section 1983 for violation of Langston's constitutional equal protection rights. Count 5 is a parallel claim under the Illinois Civil Rights Act. And Counts 6 through 10 are retaliation claims under these same statutes.

The City has filed a motion to dismiss that asserts a host of grounds for dismissal of various claims. The Court will group these a bit differently from the way the City does in its materials. The first set of arguments involve what the Court will categorize as

1

merits issues. First, the City contends that Langston's *Monell* claims under section 1983 (Counts 3, 4, 9, and 10) are deficient. Second, it contends that his hostile work environment claims (parts of Counts 1, 2, 3, and 4) do not adequately allege an actionable hostile work environment. Third, the City contends that Langston's retaliation claims (Counts 6, 7, 8, and 9) do not allege retaliation after taking protected action and do not sufficiently allege an actionable adverse action. Fourth, the City asks to strike Langston's request for punitive damages.

The City's second set of arguments involve limitations defenses. It contends that Langston's Title VII claims (Counts 1 and 6) are time-barred because Langston did not file them within ninety days of his receipt of a notice of right to sue from the Equal Employment Opportunity Commission. The City also contends that his section 1981 and section 1983 claims (Counts 3, 4, 9, and 10) and his ICRA claims (Counts 5 and 8) are time-barred because he did not file them within two years of accrual of his claims.

The third set of arguments involve exhaustion of administrative remedies. The City argues that Langston's Title VII discrimination claim (Count 1) was not properly exhausted before the EEOC to the extent it involves national origin discrimination and that his IHRA claims (Counts 2 and 7) were not fully exhausted before the relevant state agency.

**1.     Merits arguments**

The Court addresses first the City's contentions that certain of Langston's claims are inadequately pleaded and fail to clear the plausibility threshold.

First, the discrimination claims adequately allege disparate treatment—relating to overtime opportunities—based on race. But the Court agrees with the City that

Langston's current complaint does not adequately allege a claim for a hostile work environment. To state a claim for a racially hostile work environment, a plaintiff must allege that: (1) he was subjected to unwelcome harassment, (2) based on his race, (3) that was so severe or pervasive that it altered the conditions of employment and created an abusive or hostile work environment, and (4) there is a basis for employer liability. *See, e.g., Alamo v. Bliss*, 864 F.3d 541, 549 (7th Cir. 2017). Langston's claim, as currently alleged, falls short at least on the third element, as he has alleged only denial of overtime opportunities and a single act of allegedly harassing behavior. The hostile work environment claims embedded in Counts 1 through 4 are dismissed, with leave to amend.

Second, on the remaining discrimination claims, Langston has adequately alleged that denial of equal work opportunities based on race was a widespread practice of the City at the Water Department, as required to state a *Monell* claim against the City under section 1983. There is no heightened pleading standard for *Monell* claims, *see White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016), and Langston's allegations clear the plausibility threshold.

Third, on the retaliation claims, Langston's allegations are arguably somewhat on the thin side. He alleges only that after he filed his EEOC charge, the Water Department "harass[ed] him with passive-aggressive treatment including posing harassing documents at his work station." Am. Compl. ¶ 125. But the standard for actionable retaliation is modest: the alleged adverse employment action need only be something that might dissuade a reasonable worker from engaging in protected activity. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Freelain v.*

*Village of Oak Park*, 888 F.3d 895, 901-02 (7th Cir. 2018). The Court cannot say, at the motion to dismiss stage, that Langston's allegations are insufficient to clear this threshold.

Finally, the Court strikes Langston's punitive damages requests. The City argued in its motion that punitive damages are unavailable due to its status as a governmental entity. *See* Def.'s Mot. to Dismiss at 21. Langston did not respond, so he effectively conceded the point.

**2.     Limitations arguments**

Next the Court considers the City's limitations-based arguments. The City argues that Langston "received" his notice of right to sue from the EEOC on July 18, 2022 when he downloaded it via a portal on the EEOC's website. He filed this lawsuit, *pro se*, ninety-one days later, on October 18, 2022. Because the law requires filing of a suit under Title VII within ninety days of receipt of the notice of right to sue, *see* 42 U.S.C. § 2000e-5(f)(1), the City argues that Langston's Title VII claims are time-barred.

Langston argues, among other things, that the actual receipt date is August 8, 2022, when he received a copy of the notice of right to sue in the mail. He also argues that a limitations defense should not be the basis for dismissal for failure to state a claim.

An affirmative defense typically is not an appropriate basis for dismissal for failure to state a claim under Rule 12(b)(6). The main reason is that a plaintiff is not required to anticipate and "plead around" potential affirmative defenses. An affirmative defense may, however, serve as a basis for dismissal under Rule 12(b)(6) if the plaintiff's complaint alleges everything needed to establish that the defense applies as a

matter of law, including the absence of a way around the defense. *See, e.g., Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

The Court need not decide the receipt date issue at this point, because there are at least two possible routes around the limitations defense that preclude dismissal for failure to state a claim. First, Langston may be able to claim equitable tolling, and he is not required to allege the basis for this in his complaint. (One possible basis, referenced in his response to the motion to dismiss, involves what he contends was specific advice from the EEOC regarding when his lawsuit had to be filed.) Second, it appears to the Court that Langston was a member of the proposed class in a putative class action before the Court, *Edmond v. City of Chicago*, No. 17 C 4858 (N.D. Ill.), in which the plaintiffs likewise asserted race-based hostile work environment and denial of overtime claims on behalf of a proposed class of Black workers at the Water Department. Just recently, the Court denied the plaintiffs' motion for class certification in *Edmonds*. *Edmond v. City of Chicago*, No. 17 C 4858, 2023 WL 3847098 (N.D. Ill. June 6, 2023). But absent members of the putative class—which likely include Langston— who assert individual claims may be entitled to tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553-54 (1974), during the pendency of the *Edmond* suit until the denial of class certification. (This is not entirely clear, though, as Title VII claims were not asserted in *Edmond*, at least not in the version of the complaint that was at issue on the motion for class certification.)

*American Pipe* tolling based on *Edmond* may also apply to Langston's section 1981 claims asserted via section 1983 claims. And even if it does not, by operation of

*Chardon v. Fumero Soto*, 462 U.S. 650 (1983), and 735 ILCS 5/13-217, the claims may still be timely due to the pendency of parallel claims in *Edmond*. On the state law claims, Illinois follows a tolling rule similar to *American Pipe*. *See Steinberg v. Chi. Med. School*, 69 Ill. 2d 320, 324, 371 N.E.2d 634, 645 (1977).

In addition, Langston's hostile work environment claim, assuming he is able to clear the pleading hurdle after amendment, likely would amount to a continuing violation, *see Barrett v. Ill. Dep't of Corrs.*, 803 F.3d 893, 898-99 (7th Cir. 2015), and the claim would be timely so long as there is one act within the applicable limitations period. Finally, with regard to Langston's section 1981 claims asserted through section 1983, it is likely that a four-year limitations period governs those claims, not a two-year period as argued by the City. The Court recently so ruled in *Schroeder v. Bd. of Ed. for Cmty. Consol. Sch. Dist. # 21*, No. 20 C 6321 (oral ruling on Apr. 6, 2023, *see* dkt. no. 83).

For all of these reasons, dismissal under Rule 12(b)(6) based on the City's statute of limitations arguments is inappropriate.

3.      **Exhaustion arguments**

Langston does not respond to the City's contention that any claim under Title VII of national origin-based discrimination is barred because he did not include it in his EEOC charge. The Court finds that he has conceded the point and thus dismisses any national origin claims from Count 1.

With regard to Counts 2 and 7 (IHRA claims), the City argues that under the IHRA, when an administrative discrimination charge filed with the EEOC is (as here) deemed cross-filed with the Illinois Department of Human Rights, the complainant "must submit a copy of the EEOC's determination within 30 days after service of the

determination by the EEOC on the complainant." 775 ICLS 5/7A-102(A-1)(1). Langston concedes that he did not do that but argues that the requirement is unnecessarily burdensome and should be excused. There does not appear to be a viable statutory or caselaw basis for that argument. The Court dismisses these claims. *See Donald v. City of Chicago*, 539 F. Supp. 3d 912, 920-21 (N.D. Ill. 2021).

## Conclusion

For the reasons stated above, the Court dismisses Counts 2 and 7 of the amended complaint in their entirety; dismisses any national origin discrimination claims from Count 1; dismisses the hostile work environment claims in Counts 1 through 5, with leave to amend; and strike's plaintiff's request for punitive damages. The Court otherwise denies defendant's motion to dismiss [dkt. no. 16]. The telephonic status hearing set for 8:50 a.m. on July 14, 2023 will proceed as scheduled to discuss a deadline for any motion for leave to amend as well as the status of discovery.

Date: July 12, 2023

_____
MATTHEW F. KENNELLY
United States District Judge